ERNEST B. WALKER, Respondent, v. P. HAROLD HAYES and Others, Appellants, Impleaded with THE MARINE TRUST COMPANY OF BUFFALO and Others, Administrators, etc., of GEORGE S. HOBBIE, Deceased, and Another, Defendants, and CARRIE L. HAYES, as Executrix, etc., of HAROLD A. HAYES, Deceased, Respondent.

Fourth Department, December 6, 1933.

S. Fay Carr, for the appellants.

Ward B. Arbury, for the plaintiff, respondent.

Clark H. Hammond [Robert J. Schutrum with him on the brief], for the defendant, respondent.

PER CURIAM. Defendants, appellants, appeal from two orders, one an order denying their motion to dismiss the last amended

complaint on the ground that it does not state a cause of action; and the other, an order dismissing said complaint as to the defendant, respondent, Carrie L. Hayes, as executrix, etc. The first above-mentioned order should be reversed and the motion to dismiss the complaint granted. The complaint is founded on an alleged contract which provided that plaintiff should " share equally with each of [certain members of a partnership by which he was employed] in all cash distributions, which are made intermittently as the state of the business permits." There is no allegation that any cash distributions were made in which plaintiff did not participate, and there is no allegation that cash distributions were fraudulently withheld or postponed to plaintiff's damage. We do not read the words " wrongfully withheld " in paragraph ninth of the complaint as being intended to allege fraud. Nothing in the complaint in any way supports the use of the word " wrongfully " and it is, therefore, a mere conclusion of law of the pleader and to be disregarded. As leave to plead over is granted we should not dismiss the appeal from the second order. We have, therefore, examined the matter and have determined to affirm the same.

All concur, except Thompson, J., who dissents and votes for affirmance of both orders on the ground that in alleging that the firm of P. Harold Hayes has " earned profits " in which plaintiff was and is entitled to share, of upwards of $1,500,000; that plaintiff's share was and is upwards of $200,000, of which, although duly demanded, only the sum of $142,725.54 has been delivered to plaintiff, and that the sum of upwards of $57,000 has been wrongfully withheld from plaintiff by defendants, the complaint sufficiently sets forth a cause of action under the contract which provides that plaintiff shall share equally " in all cash distributions, which are made intermittently as the state of the business permits." Under the complaint if plaintiff proves that such profits were earned he will have proved his cause of action. If there were " earned profits," there is a showing that the " state of the business " entitled plaintiff to distribution, and whether defendants divided and left plaintiff out, or made no division at all, is of no consequence. In either event they are liable to plaintiff on their contract.

Order dismissing last amended complaint as to Carrie L. Hayes, as executrix, affirmed, with ten dollars costs and disbursements; order denying motion to dismiss the last amended complaint as to the defendants P. Harold Hayes, J. Albert Hobbie and Charles C. Roosa reversed on the law, without costs on this appeal, and motion to dismiss as to the said defendants granted, with leave to plaintiff to plead over within twenty days.